**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE DOMINGO HERNANDEZ, AKA Jesus Alonso Davila, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72134 <br><br> Agency No. A094-318-693 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Jose Domingo Hernandez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. *See Arteaga v. Mukasey*, 511 F.3d 940, 942 n.1 (9th Cir. 2007). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Hernandez does not challenge the agency's dispositive finding that his asylum application was time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's finding that Hernandez did not establish a nexus for the incidents he recounted, because he did not establish a link between his uncles' political activities and himself, and did not establish that any harm he experienced while he was in the military was on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Cruz-Navarro v. INS*, 232 F.3d 1024, 1029 (9th Cir. 2000) (persecution because of current membership in military is not on account of a protected ground). In light of our conclusions, we need not reach Hernandez's contentions regarding speculation and corroboration. Substantial evidence also supports the agency's finding that Hernandez did not establish he

would more likely than not be harmed by anyone upon return to El Salvador. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095-96 (insufficient evidence to show reasonable fear of persecution). Thus, his withholding of removal claim fails.

In addition, substantial evidence supports the agency's denial of CAT relief because Hernandez failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See Silaya*, 524 F.3d at 1073.

Finally, we deny Hernandez's request for judicial notice as unnecessary.

**PETITION FOR REVIEW DENIED.**

12-72134